Dear Representative Pohrer:
This opinion is in response to your question asking the following:
 Do the provisions of Sections 610.100 and 610.105 of the Revised Statutes of Missouri prohibit compliance with Section 66.200 (except for persons arrested and charged within thirty days and subsequently found guilty) or may there be compliance with Section 66.200 within thirty days of an arrest and within the time a case is pending and before it is nolle prossed, dismissed or the Defendant found not guilty.
Section 610.100, RSMo Supp. 1982, states as follows:
 If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.
Section 610.105, RSMo Supp. 1982, provides as follows:
 If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120.
Section 66.200, RSMo 1978, provides that police records "pertaining to all violations constituting felonies or misdemeanors punishable by a jail sentence except traffic violations" which are maintained by a municipality in a first class county having a charter form of government "shall be transmitted to the county authorityimmediately after the information is obtained by the municipal police." [Emphasis added.]
As stated in State v. Kraus, 530 S.W.2d (Mo. banc 1975):
 [t]he primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in a statute in their plain and ordinary meaning. [citation omitted]. Id. at 685.
Sections 610.100 and 610.105 expressly provide that records of an arrest where the arrestee is not charged with an offense within thirty days or where such prosecution is terminated by nolle prosequi, dismissal, acquittal or suspended imposition of sentence "shall thereafter be closed records . . ." [Emphasis added.]
The clear significance and intent of the word "thereafter" as used in the statutes is that the records in question are not closed until such time as one of these specified conditions are met. Thus, a municipality may transmit arrest records to the county law enforcement agency prior to those records becoming closed. However, once such arrest records are closed, they may be revealed "only to courts, administrative agencies, and law enforcement agencies for purposes of prosecution, litigation, sentencing, and parole consideration." Section 610.120, RSMo Supp. 1982.
We further believe that the duty to close arrest records pursuant to Sections 610.100 and 610.105 and thus protect those records from general public scrutiny extends to law enforcement agencies which both create and receive such records prior to their becoming closed records. By requiring transmittal of the final disposition of all violations to the county agency, Section 66.200 provides a procedure for assuring that the purposes of Sections 610.100 and610.105 are met.
CONCLUSION
It is the opinion of this office that a municipality in a first class county having a charter form of government may transmit arrest records to the county law enforcement agency pursuant to Section 66.200, RSMo 1978, prior to the closing of such arrest records pursuant to the requirements of Sections 610.100 and610.105, RSMo Supp. 1982. A municipality in a first class county having a charter form of government may not transmit arrest records to the county law enforcement agency if, prior to the transmittal, the arrest record is closed as required by Sections 610.100 and610.105, RSMo Supp. 1982.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General